**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| JARED FOX )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>)<br>KENNETH SWANSON, Individually )<br>300 S. Mulberry Street )<br>Elizabethtown, KY 42701 )<br>)<br>DEFENDANT ) | CIVIL ACTION No. 3:25-cv-68-BJB |

## COMPLAINT

### I. Preliminary Statement

1. This is a damages action under 42 U.S.C. § 1983 and state law against a police officer stemming from the officer's unjustified use of excessive force against a non-violent man who had allowed himself to be handcuffed and for the subsequent false charges of resisting arrest. Plaintiff alleges that Officer Kenneth Swanson purposefully caused significant injury to the shoulder of Jared Fox without lawful cause, Swanson also charged Fox with resisting arrest even though there was no lawful reason for said arrest thereby violating Mr. Fox's right to be free from unreasonable seizure, in violation of the Fourth Amendment to the United States Constitution. Plaintiff further alleges that any detainment or arrest was only in retaliation to his lawful exercise of his first amendment right to free speech. Plaintiff further alleges that Officer Swanson acted negligently, recklessly or wantonly, and within the course and scope of his employment or, in the alternative, that he acted intentionally, thereby violating Mr. Fox's rights under Kentucky tort law.

2. **II. Jurisdiction and Venue**

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, and § 1343 which provides for original district court jurisdiction over cases presenting federal questions.

4. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

5. Hardin County, Kentucky is the location of the events and/or omissions giving rise to this claim; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

### III. Parties

6. The plaintiff, Jared Fox (Fox), at all times material hereto was and is a resident of Grayson County, Kentucky.

7. The defendant, Kenneth Swanson, in his individual capacity (Swanson) at all times mentioned herein was and is an Officer of the Elizabethtown Police and was individually and directly involved in the use of force against Mr. Fox.

### IV. Nature of Defendants' Conduct

8. Upon information and belief, Plaintiff alleges: (i) that defendant individually engaged in the conduct described herein under color of the law of the City of Elizabethtown, Kentucky and the Commonwealth of Kentucky; (ii) that the defendant named above knowingly participated in, the conduct described herein in his individual capacity; and/or (iii) that defendants' conduct was intentional, deliberately indifferent, negligent, grossly negligent, indicated active malice, and/or showed deliberate and/or reckless disregard for and indifference to the health of Mr. Fox and his Constitutional and/or common law rights, and justifies an award of actual and punitive damages.

### V. Facts

9. At all relevant times, the defendants acted under color of state law. In addition, at all relevant times, Swanson acted within the course and scope of his duties as a Elizabethtown Police Officer.

10. On or about February 6, 2024 Fox received a call that his relatives were being investigated by the police.

11. Fox travelled to the residence to make sure his relatives were ok.

12. Fox walked towards the apartment, a public place, without obstructing or interfering with any officers.

13. Fox was not committing, nor could he reasonably be suspected of committing any crime at this instance.

14. Swanson was in his police car at the time, exited and confronted Fox.

15. Swanson stated that Fox must stop proceeding through the public apartment complex.

16. Fox stated that Swanson could do what he needed to do.

17. Fox did not obstruct or interfere with Swanson or any other officer, in fact, according to Swanson's report Swanson had to get out of his police vehicle to confront Fox.

18. Swanson immediately handcuffed Fox in response to Fox's assertion that he could do what he needed to do.

19. Fox allowed himself to be handcuffed without resistance.

20. Fox did verbally protest the arrest in a manner Swanson clearly found offensive, but that Swanson admitted was not threatening.

21. Swanson forcefully handcuffed Fox and shoved him into a pole.

22. As Swanson was handcuffing Fox, Swanson forcibly jerked Fox's upper extremities.

23. Fox was not attempting to flee, not resisting arrest, nor making verbal or physical threats at the time Swanson did this.

24. After Fox was initially placed in the police vehicle, Swanson removed him and forcefully jerked Fox's arms while he was in handcuffs outside of the vehicle before placing Fox back in the vehicle.

25. During this portion, Swanson elbowed and kicked Fox.

26. Afte being placed back in the police vehicle Fox repeatedly complained of his handcuffs being too tight once he was in the police vehicle.

27. Swanson ignored Fox's complaints regarding the handcuffs.

28. After several protests, Swanson attempted to loosen the handcuffs.

29. Fox informed Swanson that his circulation was still being cut off even after this attempt.

30. Swanson responded that it could be addressed at the jail and made no further attempts to loosen the handcuffs.

31. Fox suffered cuts to his wrists and has numbness in his hands due to the tight handcuffing.

32. Fox suffered a significant injury to his shoulder as a result of the unnecessary force.

## VI. Causes of Action

### Count I – Violation of the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America

33. Paragraphs 1-32 above are incorporated herein by reference and made this Count I.

34. Defendant arrested and charged Plaintiff solely in retaliation for Plaintiff's questioning of the officer's reasons to stop him.  Defendant further used unnecessary force in response to Plaintiff's criticisms of his arrest.

35. Defendant's stop and arrest were unjustified in that there was no probable cause to stop Plaintiff nor to charge Plaintiff with any crime whatsoever, and that any stop or arrest was objectively unreasonable.

36. Defendant's conduct and use of unnecessary and unwarranted force to subdue Plaintiff was objectively unreasonable, was intentional, reckless, deliberate, wanton and/or malicious, was done with the specific intent to cause extrajudicial punishment, and was indicative of his deliberate and reckless disregard of and indifference toward the health of Plaintiff, his rights, and the risk of harm to him engendered by the conduct of the defendant.

37. As a result of the above conduct, Plaintiff, through the objective unreasonableness, deliberate indifference and gross negligence (if not reckless, intentional and/or malicious conduct) of Defendant, was injured in retaliation for his free speech, by excessive force, for punitive reasons, and without due process of law and in violation of the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

## Count II – Common Law Battery

38. Paragraphs 1-37 above are incorporated herein by reference and made this Count II.

39. By virtue of the foregoing, Defendant, committed common law battery upon Plaintiff.

## Count III – Common Law False Arrest and False Imprisonment

40. Paragraphs 1-39 above are incorporated herein by reference and made this Count III.

41. By virtue of the foregoing, Defendant, unlawfully arrested and/or confined Plaintiff by force or coercion.

## VII. Damages

42. Paragraphs 1-41 above are incorporated herein by reference and made this Paragraph 42.

43. Plaintiff, Jared Fox, is entitled to recover his past and future reasonable medical expenses. Plaintiff, Jared Fox, is also entitled to recover damages for past and future physical and mental pain and suffering he experienced as a result of this incident. Plaintiff suffered a loss of business income due to this incident. Plaintiff is entitled to recover attorney's fees as a result of this action. The violation of Mr. Fox's Constitutional and common law rights was cruel, malicious, and evinced a total and reckless disregard for his health and his rights, entitling plaintiffs to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiff requests trial by jury of all allegations set forth herein, and that plaintiff be awarded all damages sought in Paragraph 43, including actual and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ASTORINO, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com